Judge Owsley
delivered1the opinion of the court.
In consequence of a judgment in an action of ejectment, rendered in the name of Robert Johnson at the June term of the Fleming circuit court, 1815, but which was for the benefit of Strode, commissioners, at the instance of Swim, were appointed to assess the value of improvements, rents, &c. according to the provisions of the law in relation to occupying claimants of land.
The commissioners accordingly assessed the value, &c, and made report to the March term, L8IC, and the plain *367 tiff in ejectment electing, at the September term thereafter, to pay for the improvements according to the assess-Tnent of the commissioners, executed bond with security, as required by law; and upon his application, a writ of ha-bere facias possessionem was awarded for the purpose of obtaining possession.
The suc-cessiu! clai-mantelec'ung' :o p y.for improvements, under the occupying claimant law, is entitled to the crop growing on the premises when possession is taken,
In virtue of the writ which issued under the order thus made, the sheriff, in September thereafter, delivered the possession to Strode, and he refusing to permit Swim to enjoy the benefit of the crop which was then growing upon the land, Swim brought this action for the purpose of recovering damages for the conversion of the crop by Strode.
And it being proven on the trial in the court below, that the ejectment was prosecuted for the benefit of Strode, and that he converted to his own use the crop which was growing upon the land when he obtained the possession, that court, upon a demurrer to the evidence, gave judgment for Swim.
W,hether, therefore, Swim was entitled to the crop, is the only question presented for the decision of this court.
Upon common law principles, he certainly was not; for as, at common law, Swim would, upon the judgment against him in the ejectment, have been subject to an action for the mesne profits, it is plain he could neither have been entitled to the growing crop, nor compensation for its conversion.
But as, by the report of the commissioners, he has been made to account for the rent from the time of entering the judgment of eviction; and as, by the law concerning occupying claimants, he was not permitted to be dispossessed until a decision upon the report of the commissioners, and until it was known whether or not the successful claimant would elect to pay for the improvements, it is contended that in analogy to the law of emblements in other cases, Swim should be considered as having acquired a just title to the crop which was growing at the time he was evicted from the land.
We are, however, of opinion, that he cannot, upon any fair construction of the occupying claimant law, have gained such a right.
The object of that law is, no doubt, to secure to the occupant a just remuneration for his labor and expense in ameliorating the land; but it no where confers upon him, by express provision, a right to the growing crop, and as it, in *368 other respects, secures to him ample indemnity for improf-ing the land, upon no principle of justice or rule of interpretation, can it be construed to invest him with an additional right, so as to enable him to recover the crop, or damages for its conversion by the successful claimant.
[Vide session Acts of 1818, pa. 761 the occupying* claimant law mo* dliiecl in a manner to do away the effect of this opinion ]
Hardin for appellant, Bihb for appellee,
As from the facts proven, therefore, Swim shewed no right to compensation for the crop, the court below should, upon the demurrer to the evidence, have rendered judgment for Strode.
The judgment must, consequently, be reversed with cost, the cause remanded, and judgment entered in favor of Strode.